

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building  (302) 573-6277
1007 Orange Street, Suite 700  FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

February 28, 2007

The Honorable Gregory M. Sleet
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    United States v. Michael Jackson
            Criminal Action No. 06-136-GMS

Dear Judge Sleet:

       The defendant has agreed to change his plea pursuant to the enclosed Memorandum of Plea Agreement. An original, executed Memorandum will be submitted at the Change of Plea hearing, scheduled for 3:30 p.m. on Thursday, March 22, 2007.

                                        Respectfully submitted,

                                        COLM F. CONNOLLY
                                        United States Attorney

                      BY:    */s/ Robert F. Kravetz*
                                        Robert F. Kravetz
                                        Assistant United States Attorney

Enclosure

cc:      Christopher Koyste, Esq.
            Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action No. 06-136-GMS |
| ) | |
| MICHAEL T. JACKSON, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Robert F. Kravetz, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Michael Jackson, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with being a prohibited person in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), which carries a maximum sentence of a term of imprisonment of ten years, a $250,000 fine, or both, three years supervised release, and a $100 special assessment.

2. The Government agrees to dismiss, at the time of sentencing, Count Two of the Indictment, which charges the Defendant with possession of a mixture of substance containing cocaine base, in violation of 21 U.S.C. § 844(a).

3. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One of the Indictment: (1) that the defendant knowingly possessed a firearm; (2) that at the time of the defendant's possession of the firearm, he

had been convicted previously of a crime punishable by a term of imprisonment exceeding one year; and (3) that the firearm affected interstate commerce, that is, that it had previously crossed state lines.

4. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1(a). If the defendant's adjusted guideline offense level is greater than level 16, the Government will recommend an additional one-level reduction in the defendant's guideline range pursuant to U.S.S.G. § 3E1.1(b).

5. The defendant agrees to abandon any right, title and interest that he may have in the Side Kick H&R .22 caliber revolver, Model No. 929, Serial No. V7704, seized from him by the police on October 3, 2006; agrees to execute all documents requested by the Government to effect his abandonment; and agrees that the Bureau of Alcohol, Tobacco & Firearms and/or Wilmington Police Department may dispose of the firearm in whatever manner they deem appropriate.

6. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis

2

7. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____        By:_____
Christopher Koyste, Esquire                   Robert F. Kravetz
Assistant Federal Public Defender             Assistant United States Attorney
Attorney for the Defendant                    Attorney for the Government


_____
Michael T. Jackson, Defendant


Dated: March ___, 2007

3

AND NOW, this _____ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Gregory M. Sleet
United States District Judge

4